5.

D/cm

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

'03 NOV 21 A 10: 54

Case No. 1:03MC138

U.S. DIST. CT.
GREENSBORO.

| | |
|---|---|
| IN RE SUBPOENA TO UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE'S MOTION TO INTERVENE** |
| RECORDING INDUSTRY ASSOCIATION OF AMERICA, <br><br> v. <br><br> UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL | |

## INTRODUCTION AND FACTUAL BACKGROUND

Pursuant to Rule 24(a) of the Federal Rules of Civil Procedure ("Rule 24"), John Doe[1] hereby moves to intervene in this action. John Doe seeks to intervene for the purpose of filing a motion to quash a subpoena issued by the Recording Industry of America ("RIAA") to the University of North Carolina at Chapel Hill ("UNC") that seeks information regarding the name, address, telephone number, and email address of John Doe, a student at UNC who was anonymously using the Internet.

The subpoena was issued under the novel provisions of Section 512(h) of the Digital Milennium Copyright Act ("Section 512(h)"). Section 512(h) purportedly authorizes the issuance of this subpoena through a ministerial procedure that does not: (1) require that the subpoena be in support of a case or controversy; (2) provide notice to the affected Internet user of the existence of the request; (3) require the subpoenaing party to detail the specifics of the claim; (4) afford the Internet user an opportunity to be heard; or (5) require a judge to review the factual, legal and constitutional issues presented and make a judicial determination. UNC has informed John Doe that it will not challenge the validity of this subpoena. Because the procedure used by RIAA is not authorized by statute, is procedurally deficient, and violates both Article III and the Due Process Clause of the Constitution, John Doe seeks to intervene to protect his constitutional rights by filing the motion to quash the subpoena.[2]

UNC has consented to John Doe's intervention. RIAA has stated that it opposes John Doe's request to intervene in this matter. RIAA's opposition, if any, should be rejected. The motion to intervene should be granted.

---

[1] John Doe respectfully declines to provide his full name and address in this motion. Through this motion to intervene and the contemporaneously filed motion to quash, John Doe seeks to protect his identity from disclosure. Providing his name and address herein would necessarily defeat that purpose. Counsel will provide John Doe's identifying information *in camera* to the Court, if so requested.

[2] The motion to quash has been filed with the Court contemporaneously with this motion.

## QUESTION PRESENTED

The question presented by this motion is whether John Doe should be permitted to intervene in this action to protect his significant and constitutionally protected interests that he will otherwise lose if he is not permitted to raise his statutory and constitutional challenges to the subpoena that is the subject matter of this dispute.

## ARGUMENT

Under Rule 24, a person is entitled to intervene in an action as a matter of right if: (1) the motion to intervene is timely; (2) the intervenor has an interest in the subject matter of the action; (3) disposition of the action may impair or impede the intervenor's ability to protect that interest; and (4) the intervenor's interest is not adequately represented by the existing parties. *See* Fed. R. Civ. Proc. 24(a)(2); *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders Ass'n*, 646 F.2d 117, 120 (4th Cir. 1981). Each of these requirements is abundantly satisfied here.

First, John Doe's motion to intervene is timely. This motion to intervene is being filed one week after John Doe first received notice of the subpoena, just nine days after the subpoena was first served on UNC, and just eleven days after this action was commenced in this Court. No rulings have been made by the Court; in fact, no judge has even been assigned to the matter yet. Nor have any briefs been filed by the existing parties. In these circumstances, it can hardly be said that John Doe's motion to intervene is not timely.

Second, it is equally beyond dispute that John Doe has a substantial interest in the subject matter of this action. Although the subpoena was served on UNC, John Doe is the actual target of the subpoena; his identifying information, including his name, address, telephone number and email address, is being sought. As detailed in his motion to quash the subpoena, in addition to the important privacy and personal security issues at stake, John Doe has a right to engage in anonymous speech that is protected by the First Amendment. *See, e.g., Watchtower Bible & Tract Soc'y of New York, Inc. v. Village of Stratton*, 536 U.S. 150, 166, 122 S.Ct. 2080, 153 L.Ed.2d 205 (2002); *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342, 115 S.Ct. 1511, 131 L.Ed.2d 426 (1995). John Doe similarly has a constitutionally protected liberty interest

under the Fifth Amendment that guarantees him the right to procedural due process. These well-established constitutional rights and the right to protect his private and personal information clearly qualify as an interest sufficient to trigger the right of intervention.

Third, John Doe's interests may clearly be impaired if this subpoena is not quashed. Through the subpoena, RIAA seeks to obtain the identifying information of John Doe. If UNC is compelled to comply with the subpoena, John Doe's name, address, telephone number and email address will be disclosed. Absent adequate procedural protections – which are completely missing from the procedure utilized by RIAA – that disclosure would amount to a violation of John Doe's constitutional rights. John Doe must be permitted to protect these rights now; once his identifying information is revealed, it will be too late. *See, e.g.*, *Rancho Publications v. Superior Court*, 68 Cal.App.4th 1538, 1541 (Cal. App. 1999) ("anonymity, once lost, cannot be regained"); *see also Elrod v. Burns*, 427 U.S. 347, 373-74, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable harm").

Finally, no existing party will adequately protect John Doe's interests. RIAA wants his identifying information, and refuses to even consent to this motion to intervene. UNC has decided not to challenge the subpoena on any ground. In short, if John Doe is not permitted to intervene, no existing party will raise the significant constitutional and statutory issues that John Doe seeks to raise, and John Doe will be deprived of an opportunity to protect his fundamental rights.

## CONCLUSION

The Fourth Circuit has made clear that "liberal intervention is desirable to dispose of as much of a controversy 'involving as many apparently concerned persons as is compatible with efficiency and due process.'" *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986). This Court

should follow that admonition and, for the foregoing reasons, grant John Doe's request to intervene in this matter.

Respectfully submitted, this the 21st day of November 2003.

_____

SETH JAFFE,
N.C. Bar Number 27261
American Civil Liberties Union of
    North Carolina Legal Foundation
P.O. Box 28004
Raleigh, NC 27611
(919) 834-3466

ADEN J. FINE
CHRISTOPHER A. HANSEN,
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004-2400
(212) 549-2500

Attorneys for John Doe

## CERTIFICATE OF SERVICE

I certify that I have served the foregoing **MEMORANDUM IN SUPPORT OF MOTION OF JOHN DOE TO INTERVENE** on the parties' counsel by placing a copy thereof enclosed in a first-class, postage-prepaid, properly-addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service, addressed to:

> Mr. Mark Prak, Esq.
> Brooks Pierce McLendon Humphrey & Leonard
> Wachovia Capitol Center, Suite 1600
> 150 Fayetteville Street Mall
> Raleigh, N.C. 27601
>
> Mr. David Parker, Esq.
> Campus Box 9105
> Suite 300B, Bank of America Building
> 137 East Franklin Street
> Chapel Hill, N.C. 27599-9105

This, the 21st day of November 2003.


_____
SETH JAFFE